## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DAVID EAGLE and BRANDY EAGLE, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case. No. 20-01146 |
| | ) | |
| USA DENT COMPANY, LLC and DENNIS SANDERS, | ) | |
| | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

## **COMPLAINT**

This is an action brought pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), the Kansas Wage Payment Act ("KWPA"), and state contract law to obtain relief for Plaintiffs. In support of this Complaint, Plaintiffs state:

### **Parties**

1.      Plaintiffs David Eagle and Brandy Eagle are residents of Sedgwick County, Kansas.

2.      Defendant USA Dent Company, LLC ("USA Dent") is a Kansas limited liability company. Defendant can be served with process through its resident agent, USA Hail LLC, 7337 W. 33rd North, Wichita, KS 67205, via registered mail or other lawful means.

3.      Defendant Dennis Sanders is a resident of Sedgwick County, Kansas, and can be served at his personal residence located at 3023 N. Den Hollow Ct., Wichita, KS 67205, via registered mail or other lawful means.

## Statement of Facts

4.      In March of 2018, Mr. Eagle was hired by USA Dent to assist in the estimating process of hail and wind damaged vehicle claims.

5.      When Mr. Eagle was first hired, he was promised 5% of the net income generated for the jobs he performed by Dennis Sanders, who is the owner of USA Dent.

6.      Despite performing duties for USA Dent by assisting in the estimating process of hail and wind damaged vehicle claims, Mr. Eagle was not paid all of the commission he was due.

7.      Specifically, in some cases, Mr. Eagle was not paid any commission for the work he performed. In other cases, rather than being paid 5% in net income, Mr. Eagle was paid less than 3% in net income for many of the jobs he performed.

8.      On the commission Mr. Eagle was paid, USA Dent improperly deducted expenses from Mr. Eagle's commission payments, such as payoffs to insurance adjusters and travel expenses

9.      Mr. Eagle informed Mr. Sanders of non-payment of commission, but it was never remedied.

10.     Mr. Eagle was paid on a commission-only basis and was paid only after USA Dent was paid for the work it did to repair wind and hail damaged vehicles. Sometimes, Mr. Eagle was not be paid for the work he performed until months after it was complete.

11.     Thus, Mr. Eagle worked numerous weeks in which he did not receive at least minimum wage.

12.     Ms. Eagle also worked for USA Dent and was paid a salary for the accounting work she performed for the company.

2

13.     Ms. Eagle was approached by Mr. Sanders in 2019 about coordinating the Dam Music Festival. Mr. Sanders agreed to pay Ms. Eagle for the work she performed for Dam Music Festival, apart from the work that she did for USA Dent.

14.     Although she worked for over 6 months, Ms. Eagle was not paid for the work she performed in organizing the Dam Music Festival.

15.     Additionally, there were many weeks that Ms. Eagle worked over 40 hours and was not paid overtime premiums.

**COUNT I - Failure to Pay Minimum Wage in Violation of FLSA -**
**David Eagle against USA Dent Company, LLC and Dennis Sanders**
**Brandy Eagle against Dennis Sanders**

16.     Plaintiffs incorporate by reference all of the proceeding paragraphs.

17.     At all times relevant, USA Dent was Mr. Eagle's employer for the purposes of the FLSA.

18.     At all relevant times, Dennis Sanders was Ms. Eagle's employer for purposes of the FLSA.

19.     Mr. Eagle was paid on a commission-only basis, did not have a guaranteed salary, and worked numerous weeks in which he did not receive at least minimum wage.

20.     Ms. Eagle was not paid at all for the work she performed for the Dam Music Festival.

21.     USA Dent and Mr. Sanders are an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

22.     Defendants USA Dent and Mr. Sanders made the decision to not pay Mr. Eagle.

23.     Mr. Sanders made the decision to not pay Ms. Eagle.

3

24.     Section 206 of the FLSA, 29 U.S.C. § 206(a)(1)(C), mandates that employers pay all employees engaged in commerce or in the production of goods for commerce, minimum wages for their work in an amount set by federal law. During the relevant time period, the federal minimum wage was $7.25.

25.     Defendants willfully, intentionally, and with reckless disregard failed to pay Plaintiffs the minimum wage for all their hours worked in violation of the FLSA. Defendants knew that Plaintiffs were entitled to be paid minimum wage during the relevant time periods and willfully chose to not pay such minimum wages.

26.     Specifically, Mr. Sanders never paid Mr. Eagle for jobs he performed even though he was paid by the client. Mr. Sanders willfully, intentionally, and with reckless disregard chose not to pay Mr. Eagle the money he was entitled to.

27.     Mr. Sanders is the sole owner of USA Dent, exercises day-to-day control of operations, and had the sole power to pay both Mr. Eagle and Ms. Eagle for their work. Accordingly, as an officer of USA Dent and supervisor of Mr. Eagle, Mr. Sanders is subject to individual liability under the FLSA.

28.     Because of Defendants' unlawful failure and refusal to pay Plaintiffs' minimum wages, Plaintiffs are entitled, pursuant to § 216(b) of the FLSA, 29 U.S.C. § 216(b), to recover their unpaid minimum wages, including interest and liquidated damages thereon, in amounts to be proven at trial, as well as reasonable attorney's fees and costs.

### COUNT II - Failure to Pay Earned Wages in Violation of the KWPA - David Eagle against USA Dent Company, LLC and Dennis Sanders Brandy Eagle against Dennis Sanders

29.     Plaintiffs incorporate by reference all of the proceeding paragraphs.

30.     Plaintiffs worked and performed their duties during all relevant time periods.

31.     Mr. Eagle did not receive the commission he was promised by working for USA Dent.

32.     Ms. Eagle was not paid at all for the work she performed for Mr. Sanders in organizing the Dam Music Festival.

33.     Defendants USA Dent and Mr. Sanders made the decision to not pay Plaintiffs.

34.     Defendants have wrongly and willfully refused to pay Plaintiffs their earned wages.

35.     Failure to page wages violates the KWPA. At this time, wages owed to Plaintiffs are due and owing, and 100% interest is due on the unpaid wages.

**COUNT III - Breach of Contract -**
**David Eagle against USA Dent Company, LLC and Dennis Sanders**
**Brandy Eagle against Dennis Sanders**

36.     Plaintiffs incorporate by reference all of the proceeding paragraphs.

37.     USA Dent entered into an agreement to pay Mr. Eagle commission for the work he performed.

38.     Mr. Sanders entered into an agreement to pay Ms. Eagle for the work she performed on the Dam Music Festival.

39.     The agreements are valid and binding contracts.

40.     Plaintiffs performed their obligations under the agreements.

41.     Defendants materially breached the agreements by not paying Plaintiffs for their work as promised.

42.     Plaintiffs are entitled to damages for the aforementioned breaches.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs pray that the Court enter judgment in their favor and against the Defendants for the following:

1.      Judgment for Plaintiffs against Defendants for failing to pay wages during the relevant time periods;

2.      A finding that Defendants have violated the FLSA by failing to pay minimum wages to Mr. Eagle, and a finding that Mr. Sanders has violated the FLSA by failing to pay minimum wages and overtime premiums to Ms. Eagle;

3.      A finding that Mr. Sanders is individually liable under the FLSA and the KWPA for failing to pay Mr. Eagle;

4.      A finding that Defendants willfully violated the FLSA;

5.      Monetary damages in an amount to be determined at trial in unpaid wages for Plaintiffs against Defendants for violation of the FLSA minimum wage standards;

6.      An amount equal to Plaintiffs' damages under the FLSA as liquidated damages;

7.      Monetary damages in an amount to be determined at trial in unpaid wages for Mr. Eagle against Defendants for violation of the KWPA, and monetary damages in an amount to be determined at trial in unpaid wages for Ms. Eagle against Mr. Sanders for violation of the KWPA;

8.      Interest of 100% for unpaid wages as allowed under the KWPA;

9.      Monetary damages in excess of $75,000.00 in favor of Mr. Eagle for Defendants' breach of contract, and monetary damages estimated to be in excess of $75,000.00 in favor of Ms. Eagle for Mr. Sander's breach of contract;

10.     All costs and attorney fees incurred;

11.   Pre- and Post-Judgement Interest; and

12.   For such other and further relief as this Court deems just and proper.

Respectfully submitted

/s/ Corey M. Adams
Corey M. Adams, #27253
MCDONALD TINKER PA
300 W. Douglas, Suite 500
Wichita, KS 67202
Phone:  (316) 263-5851
Fax:      (316) 263-4677
Email: cadams@mcdonaldtinker.com
*Attorneys for Plaintiffs*

## DEMAND FOR TRIAL BY JURY

The Plaintiffs hereby demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

/s/ Corey M. Adams
Corey M. Adams, #27253

## DESIGNATION OF PLACE OF TRIAL

The Plaintiffs hereby designate Wichita, Kansas, as the place of trial of this action pursuant to Local Rule 40.2(a).

/s/ Corey M. Adams
Corey M. Adams, #27253

7