IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID EAGLE and BRANDY EAGLE,

   Plaintiffs,

v.

USA DENT COMPANY, LLC and DENNIS SANDERS,

   Defendants.

CASE No.: 20-cv-01146-JWB-TJJ

### ORDER

  This matter is before the Court on Plaintiffs' Motion to Amend Scheduling Order or, in the Alternative, Motion to Reconsider the Court's Order on Discovery (ECF No. 106). Plaintiffs request an order extending the discovery and other case deadlines and continuing the upcoming April 27, 2023 Final Pretrial Conference by approximately 30 days.[1] Plaintiffs request the amendment to accommodate Defendants' depositions, which the parties' counsel have agreed to take in April after the current March 31, 2023 discovery deadline.  Plaintiffs argue they will suffer severe prejudice if they are not able to depose an expert witness, and one of the named Defendants and his wife (and co-owner of their business), until after the preparation and submission of the pretrial order. They further argue it is critical that the witnesses be examined as to Defendants' counterclaim against Plaintiff Brandy Eagle.

  Defendants oppose the motion and ask that it be denied. They argue the dates of the agreed-upon April depositions—on April 7, 25, and 26, 2023—should not affect the parties' ability to submit a proposed pretrial order by the April 21, 2023 deadline. They further assert that

---

[1] Plaintiffs alternatively request the Court reconsider its March 24, 2023 Order (ECF No. 105) stating it would not extend the current discovery deadline or any other case deadlines.

Plaintiffs continue to fail to meet their discovery obligations, including a failure to timely supplement their Rule 26(a)(1) initial disclosures by the deadline for final supplementation. Finally, Defendants argue the Court previously denied their motion to extend their expert disclosures deadline, and they have already been prejudiced by the late production of Plaintiff Brandy Eagle's personal calendar after their expert disclosure deadline and because the calendar was not kept in her former counsel's office.

The Court denies Plaintiffs' motion. This case is nearly three years old, the Court has entered multiple orders extending the discovery deadline and other case deadlines,[2] and the parties have been repeatedly instructed "no further extensions of the scheduling order deadlines in this case will be granted."[3] On February 9, 2023, the Court denied Defendants' unopposed motion to extend their expert deadline for failure to show good cause.[4] More recently, the Court entered an Order—in response to the parties advising of their agreement to conduct three depositions after the discovery deadline—reaffirming it would not extend the current discovery deadline or any other case deadlines, and would not be available to resolve any discovery dispute or issues that arise at these depositions conducted after the discovery deadline.[5] In accordance with its prior Orders, the Court will not grant any further extensions of the requested discovery deadline or any other case deadlines or settings.

The Court further finds Plaintiffs' main reason asserted for the requested extensions, namely that they will be prejudiced by being required to prepare and submit the proposed pretrial order on April 21, 2023, before the depositions of Defendant Dennis Sanders on April 25 and his

---

[2] The current scheduling order is the "fifth" amended scheduling order (ECF No. 83).

[3] Jan. 19, 2023 Order (ECF No. 83) extending case deadlines and settings.

[4] Feb. 9, 2023 Order (ECF No. 86).

[5] Mar. 24, 2023 Order (ECF No. 105).

wife on April 26, is not sufficient to show good cause for yet another extension of the discovery and other unexpired case deadlines and settings. Although two depositions are scheduled be taken after the pretrial order deadline, Plaintiffs' counsel will be aware of the substance of the deposition testimony as of the date of the April 27, 2023 Final Pretrial Conference and any potential revisions needed to proposed pretrial order, arising from any new information discovered at these depositions, can be addressed at that time.

Although the Court is not extending the discovery deadline, it will enforce counsels' agreement contained in their March 21–22, 2023 email exchanges to conduct certain depositions after the discovery deadline. Counsel have agreed to conduct the following three depositions after the March 31, 2023 discovery deadline:

1. Defendants' industry expert Tony Cope on April 7, 2023
2. Defendant Dennis Sanders on April 25, 2023
3. Danielle Sanders on April 26, 2023.[6]

The parties are permitted and indeed shall conduct these depositions pursuant to their agreement, however, the Court will not be available to resolve any discovery disputes or issues that arise at these depositions.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Amend Scheduling Order or, in the Alternative, Motion to Reconsider the Court's Order on Discovery (ECF No. 106) is DENIED for failure to show good cause. No case deadlines or settings will be extended. The parties must submit their proposed pretrial order by **April 21, 2023** and the in-person Final Pretrial Conference will be held on **April 27, 2023 at 10:00 a.m.** in Wichita conference room 220.

---

[6] *See* Email string attached as Ex. 5 to Pls.' Mot. (ECF No. 106-5).

IT IS SO ORDERED.

Dated March 30, 2023, at Kansas City, Kansas.

                                                          Teresa J. James
                                                          U. S. Magistrate Judge