## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DAVID EAGLE and BRANDY EAGLE,

               Plaintiffs,

v.

USA DENT COMPANY, LLC and DENNIS
SANDERS,

               Defendants.

CASE NO. 20-cv-01146-JWB-TJJ

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendants' Motion to Compel Discovery Responses
and Motion for Sanctions (ECF No. 98). Defendants request an order under Fed. R. Civ. P. 37
and D. Kan. Rule 37.1 compelling discovery responses and for sanctions from Plaintiffs related
to Defendants' First and Second Requests for Production of Documents to Plaintiffs ("First
RFPs" and "Second RFPs," respectively) and Plaintiff Brandy Eagle's personal calendars. The
Court conducted a pre-motion discovery conference on March 8, 2023, and granted Defendants
leave to file this motion to compel.[1] Plaintiffs have filed a response in opposition (ECF No.
103). As explained below, Defendants' motion is granted in part and denied in part.

## I.      Defendants' First RFPs to Plaintiffs

Defendants request Plaintiffs be sanctioned for stating merely "Produced" in their
responses to Defendants' First RFPs instead of also providing the Bates numbers for the

---

[1] *See* March 10, 2023 Order (ECF No. 97). D. Kan. Rule 37.1(a) requires a party intending to file
a discovery-related motion to contact the court and arrange for a pre-motion discovery conference before
filing the motion.

documents produced responsive to each discovery request. Defendants are concerned Plaintiffs are not actually producing responsive documents and they contend this prejudices Defendants' ability to defend this action and prepare a motion for summary judgment.

In their response, Plaintiffs argue Defendants waived any objection to the claimed deficiencies by failing to timely file a motion to compel with respect to their First RFPs. Plaintiffs served their responses on May 28, 2021, and the local rule in effect at that time required Defendants to file their motion to compel "within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the court extends the time for such Motion for good cause."[2]  According to Plaintiffs' calculation, Defendants' deadline to file a motion compel was June 28, 2021. Plaintiffs further state Defendants never sent them a Golden Rule letter, nor moved for an extension before the deadline expired, and waited until December 27, 2022 to state their objections in an email. Defendants filed their motion on March 10, 2023, almost two years after they received Plaintiffs' responses to the First RFPs. Plaintiffs also object to Defendants' attempt to get around their untimely motion by contorting

---

[2] *See* D. Kan. Rule 37.1(b) in effect when Plaintiffs served their discovery responses to Defendants' First RFPs. D. Kan. Rule 37.1 was amended effective Dec. 1, 2022. The subsection letter was changed to 37.1(c) and the amended Rule states:

> **Time for Filing Discovery Motions**. Any discovery-related motion must be filed within 30 days of the default or service of the response, objection, or disclosure that is the subject of the motion, or, for all other disputes, within 30 days after the movant knew or reasonably should have known of the potential dispute. The court may deny any motion filed after that 30-day period as untimely unless the movant demonstrates diligence in attempting to resolve the specific discovery dispute at issue.

> D. Kan. Rule 37.1(c).

the matter into a failure to supplement under Fed. R. Civ. P. 26(e)(1). Finally, Plaintiffs state

they supplemented their responses to Defendants' First RFPs on March 10, 2023, prior to

Defendants filing their motion to compel.[3]

Defendants did not address the untimeliness argument in their reply. The Court agrees

with Plaintiffs and finds Defendants' motion to compel with respect to the alleged deficiencies in

Plaintiffs' responses to Defendants' First RFPs, served by Plaintiffs on May 28, 2021, is

untimely. In the District of Kansas, motions to compel discovery must be filed and served

"within 30 days of the default or service of the response, objection, or disclosure that is the

subject of the motion."[4]  Defendants have been on notice since Plaintiffs served their responses

nearly two years ago that Plaintiffs' responses to their First RFPs were incomplete and did not

include Bates numbers identifying the documents responsive to each discovery request.

Defendants did not file a motion, seek an extension of the D. Kan. Rule 37.1 deadline, or raise an

issue with the claimed deficiencies until well after the 30-day deadline had expired. Defendants'

motion to compel with respect to Plaintiffs' responses to the First RFPs is therefore denied as

untimely. Plaintiffs' ongoing duty to supplement their discovery responses under Rule 26(e), and

alleged failure to serve final supplementations 40 days before the discovery deadline, does not

---

[3] At the March 8, 2023 conference, the Court set a March 14, 2023 deadline for Defendants to file a their motion to compel regarding their First and Second RFPs and the original version of Plaintiff Brandy Eagle's 2018 Calendar. Defendants filed their motion to compel on March 10, 2023 at 7:32 p.m. In their Notice of Service (ECF No. 101), Plaintiffs state their Supplemental Responses to Defendants First RFPs were served by e-mail on March 10, 2023 at 4:31 p.m.

[4] *See* D. Kan. Rule 37.1(b) in effect when Plaintiffs served their discovery responses to Defendants' First RFPs in 2021, and D. Kan. Rule 37.1(c), amended effective Dec. 1, 2022.

restart Defendants' deadline for filing a motion to compel with respect to the First RFPs. Defendants' motion to compel Plaintiffs' responses to the First RFPs is therefore denied as untimely.

At the March 8, 2023 pre-motion discovery conference, Plaintiffs conceded they had not provided written responses to Defendants' First RFPs that complied with Fed. R. Civ. P. 34(b)(2)(E)(i). Shortly thereafter, on March 10, 2023, Plaintiffs served supplemental responses identifying Bates numbers to Defendants' First RFPs.[5] Because they were served before Defendants filed this motion, the Court also finds the motion to compel on these discovery requests to be moot. No sanctions are warranted relative to these requests. Defendants' motion to compel and for sanctions with respect to their First RFPs is denied.

## II.    Defendants' Second RFPs to Plaintiffs

Defendants also seek an order sanctioning Plaintiffs for their failure to timely provide any written responses to Defendants' Second RFPs. Defendants request the Court sanction Plaintiffs by dismissing the action in whole with prejudice, and requiring Plaintiffs to pay the reasonable expenses and attorney's fees incurred by Defendants "for working with the produced documents to understand what documents were responsive to what requests, for responding to the inadequate discovery with correspondence to Plaintiffs' counsel, for preparing and arguing this Motion, and for preparing for and participating in the pre-motion telephone conference on March

---

[5] *See* Pls.' Supp. Resps. To Defs.' First RFPs (ECF No. 103-6).

9, 2023."[6]

Plaintiffs state in their response brief they produced comprehensive responses to Defendants' Second RFPs on March 21, 2023, and this should be deemed sufficient and complete. Plaintiffs acknowledge their responses to Defendants' Second RFPs are untimely, but argue that Defendants are no more prejudiced by the tardy responses than they were before Defendants served the requests on December 27, 2022. Plaintiffs further point out that some of Defendants' Second RFPs are mere restatements of Defendants' First RFPs, which they did not timely seek to compel. For example, Defendants' Second RFPs 38-41, 44, 46-48, and 54 to Brandy Eagle and Second RFPs 48-53, 55-59, and 67 to David Eagle request the same documents as Defendants' First RFPs, which Plaintiffs have previously responded or objected to in May 2021.

The Court finds that some of Defendants' Second RFPs requested the same documents as in their First RFPs. To the extent Plaintiffs preserved their objections in their responses to Defendants' First RFPs, those objections to the Second RFPs will not be deemed waived. For example, Defendants' First RFP 14 and Second RFP 40 to Brandy Eagle request the same documents. Plaintiff Brandy Eagle's objection to First RFP 14 will therefore not be deemed waived for Second RFP 40.

Plaintiffs have otherwise served belated responses to Defendants' Second RFPs. After reviewing Plaintiffs' responses, the Court finds Defendants' motion to compel these discovery

---

[6] Defs.' Mem. In Supp. (ECF No. 99) at 8.

requests is now moot. However, because Plaintiffs served their responses and produced documents responsive to Defendants' Second RFPs after their deadline for responding under Rule 34(2)(4) and after Defendants filed this motion to compel, the Court will look to Rule 37(a)(5)(A) in determining whether to require Plaintiffs to pay Defendants reasonable expense incurred in making the motion to compel.

Fed. R. Civ. P. 37(a)(5)(A) provides that "if the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must . . . require the party whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." But the court must not order this payment if:

>   (i)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>   (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
>   (iii) other circumstances make an award of expenses unjust.[7]

Here, the Court finds Plaintiffs' failure to timely respond to Defendants' Second RFPs necessitated Defendants' request for the discovery, the resulting pre-motion conference, and the filing of Defendants' motion to compel. Therefore, Defendants should be awarded their *reasonable* expenses, including attorney's fees, associated with the pre-motion conference and briefing on the motion to compel related to their Second RFPs.

---

[7] Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Because Defendants requested their reasonable expenses in the motion to compel, Plaintiffs have been given an opportunity to be heard on the issue of expenses. The Court will therefore order Defendants' counsel to file, on or before **April 14, 2023**, an affidavit itemizing the *reasonable* expenses, including attorney's fees, Defendants incurred in making the motion to compel responses to their Second RFPs. Plaintiffs shall have until **April 28, 2023**, to file a response to the affidavit. The Court will then issue a separate order specifying the amount and time of payment.

The Court also denies Defendants' request for dismissal of Plaintiffs' counterclaims as a sanction for failing to timely serve their responses to the Second RFPs. "Sanctions under Rule 37 are intended to ensure that a party does not benefit from its failure to comply, and to deter those who might be tempted to such conduct in the absence of such a deterrent."[8] The appropriate sanction should be the least severe available sanction that will adequately deter and punish the wrongdoer.[9] Defendants' request for dismissal of Plaintiffs' claims certainly would not be the least severe available sanction and is not warranted in this case for a discovery violation.

## III.    Plaintiff Brandy Eagle's Personal Calendar

Defendants also seek sanctions against Plaintiffs based upon Brandy Eagle's failure to

---

[8] *Kindergartners Count, Inc. v. DeMoulin*, 209 F.R.D. 466, 468 (D. Kan. 2002) (quoting *Starbrite Waterproofing Co., Inc. v. AIM Const. & Contracting Corp.,* 164 F.R.D. 378, 381 (S.D.N.Y.1996)).

[9] *White v. Gen. Motors Corp.*, 908 F.2d 675, 684 (10th Cir. 1990).

7

produce her personal calendar. However, as Plaintiffs point out, the personal calendars were located and produced to Defendants on March 20, 2023. Plaintiffs also dispute the existence of any agreement on the record between Defendants' counsel and Plaintiffs' prior counsel that counsel would retain custody of Brandy Eagle's original calendars in his office that would have been made during discussions at Ms. Eagle's 2021 deposition.

Defendants point out that Ms. Eagle admits she was in possession of the original calendar the whole time and she failed to produce her calendar until eleven days prior to the close of discovery and one month after the deadline for Defendants to disclose their experts and expert reports. Defendants argue Plaintiffs providing the original calendar a month after Defendants provided their expert witness report defeats the entire purpose of Defendants' request for Plaintiffs' counsel to keep the original calendar in his office. Without the Calendar being in Plaintiffs' counsel's possession, Plaintiffs cannot show the Calendar was not further altered. Defendants maintain that dismissal of Plaintiffs' claims and payment of Defendants' attorney's fees are appropriate sanctions.

A review of the relevant portion of Brandy Eagle's deposition reveals that she testified "Yes, sir" to deposing counsel's statement, "Well, let's keep the original so I can –."   Her response implies that she or they would keep the original. Nothing in the record indicates that her counsel would retain custody of the original calendars in his office. Plaintiffs attach a Declaration from Mr. Adams in which he states he does not recall making any representation to

any attorney that he would personally retain the original calendars in his office.[10]  In any event, the Court finds this is a non-issue, as the original 2018 calendar has been located now and produced to Defendants. As for Defendants' argument they cannot show the calendar was not further altered while in Ms. Eagle's possession, the Court finds the argument without merit. Defendants can compare the recently produced original calendar to the copy addressed during Ms. Eagle's deposition. There is no evidence of bad faith on the part of Plaintiffs or Plaintiffs' counsel, although they should have searched for and produced the original long ago, and definitely before the current Rule 26(e) supplementation deadline. Defendants' motion to compel with respect to Brandy Eagle's personal calendars is therefore denied as moot.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion to Compel Discovery Responses and Motion for Sanctions (ECF No. 98) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** on or before **April 14, 2023**, Defendants shall file an affidavit itemizing the *reasonable* expenses, including attorney's fees, Defendants incurred in making the motion to compel responses to their Second RFPs. Plaintiffs shall have until **April 28, 2023**, to file a response to the affidavit. The Court will then issue a separate order specifying the amount and time of payment.

IT IS SO ORDERED.

Dated March 31, 2023, at Kansas City, Kansas.

Teresa J. James

Teresa J. James
U. S. Magistrate Judge

---

[10]  Adams Decl. (ECF No. 103-2) ¶ 5.